THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
ASHEVILLE DIVISION
CIVIL CASE NO. 1:16-cv-00316-MR-DLH

| | | |
|---|---|---|
| GRANT MILLIN, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | **O R D E R** |
| | ) | |
| HONORABLE CALVIN HILL, NC COURTS 28; TERESA WHITE, ASSISTANT LEGAL COUNSEL, NC ADMINISTRATIVE OFFICE OF THE COURTS, ET AL.; and MICHAEL SHADRICK, HOUSING MANAGEMENT INC. a/k/a SHADOW RIDGE ASSOCIATES LLP a/k/a EVERGREEN RIDGE APARTMENTS, | ) | |
| Defendants. | ) | |

**THIS MATTER** is before the Court on the Plaintiff's Application to Proceed without Prepayment of Fees or Costs [Doc. 2], as amended [Doc. 7], and the Plaintiff's request for electronic notification of pleadings filed in this matter [Doc. 4].

**I.     FACTUAL AND PROCEDURAL BACKGROUND**

The Plaintiff's Complaint [Doc. 1], as amended [Docs. 5, 6, 8], asserts claims against the Honorable Calvin Hill, Chief District Court Judge of the

28th Judicial District; Teresa White, assistant legal counsel for the North Carolina Administrative Office of the Courts; and Michael Shadrick, the owner of Housing Management Inc., for violation of the Americans with Disabilities Act and for equal protection violations pursuant to 42 U.S.C. § 1983 arising from an eviction proceeding in state court.

## II. STANDARD OF REVIEW

Federal district courts are courts of limited jurisdiction. United States ex rel. Vuyyuru v. Jadhav, 555 F.3d 337, 347 (4th Cir. 2009). "Thus, when a district court lacks subject matter jurisdiction over an action, the action must be dismissed." Id. The lack of subject matter jurisdiction is an issue that may be raised at any time. See Ellenburg v. Spartan Motors Chassis, Inc., 519 F.3d 192, 196 (4th Cir. 2008). "If the court determines at any time that it lacks subject-matter jurisdiction, the court must dismiss the action." Fed. R. Civ. P. 12(h)(3).

## III. DISCUSSION

In this action, the Plaintiff appears to challenge the outcome of an eviction proceeding in a North Carolina state court. Under the Rooker-Feldman doctrine, however, this Court does not have jurisdiction to consider the Plaintiff's claims.

The United States Supreme Court has exclusive jurisdiction over appeals from state-court judgments. See 28 U.S.C. § 1257(a); District of Columbia Court of Appeals v. Feldman, 460 U.S. 462, 482 (1983); Rooker v. Fidelity Trust Co., 263 U.S. 413, 416 (1923). As a corollary to this rule, the Rooker-Feldman doctrine prohibits "a party losing in state court . . . from seeking what in substance would be an appellate review of the state judgment in a United States district court, based on the losing party's claim that the state judgment itself violates the loser's federal rights." Johnson v. De Grandy, 512 U.S. 997, 1005-06 (1994). "The Rooker-Feldman doctrine bars lower federal courts from considering not only issues raised and decided in state courts, but also issues that are 'inextricably intertwined' with the issues that are before the state court." Washington v. Wilmore, 407 F.3d 274, 279 (4th Cir. 2005) (quoting Feldman, 460 U.S. at 486). As the Fourth Circuit has explained, "if the state-court loser seeks redress in the federal district court for the injury caused by the state-court decision, his federal claim is, by definition, 'inextricably intertwined' with the state-court decision, and is therefore outside the jurisdiction of the federal district court." Davani v. Va. Dep't of Transp., 434 F.3d 712, 719 (4th Cir. 2006).

The Supreme Court has cautioned that Rooker-Feldman is a "narrow doctrine" which "is confined to cases of the kind from the doctrine acquired its name: cases brought by state-court losers complaining of injuries caused by state-court judgments rendered before the district court proceedings commenced and inviting district court review and rejection of those judgments." Exxon Mobil Corp. v. Saudi Basic Indus. Corp., 544 U.S. 280, 284 (2005). Accordingly, pursuant to Exxon, the Court must examine "whether the state-court loser who files suit in federal district court seeks redress for an injury caused by the state-court decision itself. If he is not challenging the state-court decision, the Rooker-Feldman doctrine does not apply." Davani, 434 F.3d at 718 (footnote omitted); Moore v. Idealease of Wilmington, 465 F.Supp.2d 484, 490 (E.D.N.C. 2006).

In the present case, the Plaintiff challenges the action of a state court in 16 CVD 2687, which resulted in his eviction from his apartment. Because the Plaintiff does not allege any injury independent of this state-court action,[1]

---

[1] It is clear from the Plaintiff's lengthy filings in this Court that he seeks for this Court to invalidate the state court judgment that has been entered against him. He also complains that the state court did not reasonably accommodate his disability in the manner in which the proceedings against the Plaintiff were conducted. As to any alleged ADA violation, however, the Plaintiff asserts that the United States Department of Justice has intervened in his state court proceedings [Doc. 5 at 2], and he attaches a letter of Assistant United States Attorney Paul Taylor to the state trial court administrator to support this. The Plaintiff, however, states that he cannot become a party to the DOJ proceedings

4

the Court concludes that the Plaintiff's Complaint must be dismissed pursuant to the Rooker-Feldman doctrine for lack of subject matter jurisdiction. If the Plaintiff wishes to challenge the validity of the state court's order, he must do so in the North Carolina state courts.

Finally, the Plaintiff requests permission to receive notification by email of any pleadings or papers filed electronically with the Court. In the exercise of its discretion, the Court will grant the Plaintiff's request. See Administrative Procedures Governing Filing and Service by Electronic Means, at 3 (W.D.N.C., rev. Jan. 1, 2012).

**IT IS, THEREFORE, ORDERED** that the Plaintiff's Application to Proceed without Prepayment of Fees and Affidavit [Doc. 2], as amended [Doc. 7], is hereby **GRANTED**.

**IT IS FURTHER ORDERED** that Plaintiff's Complaint [Doc. 1], as amended [Docs. 5, 6, 8], is **DISMISSED** for lack of subject matter jurisdiction.

**IT IS FURTHER ORDERED** that the Plaintiff's request for electronic notification of pleadings filed in this matter [Doc. 4] is **GRANTED**. The Clerk

---

regarding any potential ADA relief as may be provided the Plaintiff. [Id. at 3]. Hence, the only relief the Plaintiff seeks from this Court is that the state court judgment be "stay[ed] or invalidate[d]" and that the effects thereof be "prevented." [Doc. 2 at 20].

of Court is respectfully directed to provide the Plaintiff with this Order via email.

**IT IS SO ORDERED.**

Signed: October 24, 2016

Martin Reidinger
United States District Judge